IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JANE DOE 7                                              PLAINTIFF

V.                             CIVIL ACTION NO. 3:14CV33-NBB-SAA

RUST COLLEGE, SYLVESTER                DEFENDANTS
OLIVER, and DAVID BECKLEY,
in his official capacity as President
of Rust College

MEMORANDUM OPINION

Presently before the court is a motion by Defendants Rust College and David Beckley to dismiss Plaintiff's claim for intentional infliction of emotional distress. Upon due consideration of the motion and complaint, the court is ready to rule.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Jane Doe 7, attended Rust College, a defendant in this action. Plaintiff alleges that sometime in 2011, Defendant, Professor Sylvester Oliver, began making sexual advances towards her. These advances made Plaintiff very uncomfortable, leading her to report Oliver's behavior to Rust College administration. Plaintiff and her mother subsequently met with several members of the Rust College administration. At this meeting, the administrators, according to Plaintiff, informed her that her complaints did not, in their opinion, "meet the criteria for harassment." Oliver, therefore, was never disciplined.

On February 14, 2014, Plaintiff filed a complaint in this court against Defendants Rust College, Sylvester Oliver, and David Beckley, the President of Rust College. Plaintiff asserts claims of violation of Title IX; negligence; negligent hiring, supervision, and retention; premises liability; and intentional infliction of emotional distress. Defendants Rust College and David

1

Beckley filed this motion to dismiss Plaintiff's claim for intentional infliction of emotional distress.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement… showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000). When deciding a 12(b)(6) motion to dismiss, the court "must limit itself to the contents of the pleadings, including attachments thereto." *Id.* at 498.

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in a complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Any legal conclusions in a complaint must be supported by factual allegations. *Id.* Ultimately, plaintiff's complaint must "nudge his claims… across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 547). "A rule 12(b)(6) motion to dismiss for failure to state a claim is the proper vehicle by which to assert a

limitations defense where a plaintiff's complaint shows affirmatively that his claims are time barred." *Doe v. Linam, et al.*, 225 F. Supp. 2d 731, 734 (S.D. Tex. 2002) (citing *Herron v. Herron*, 225 F.2d 589, 593 (5th Cir. 1958)).

## ANALYSIS

Defendants assert that dismissal of Plaintiff's claim for intentional infliction of emotional distress against them is appropriate because any such claim is time-barred. Plaintiff's claim for intentional infliction of emotional distress is subject to a one-year limitations period. Miss. Code Ann. § 15-1-35. *See also Jones v. B.L. Development Corp.*, 940 So. 2d 961 (Miss. Ct. App. 2006) (applying § 15-1-35 to a claim for intentional infliction of emotional distress).

The conduct giving rise to this action occurred in 2011. In accordance with the applicable limitations period for the intentional infliction of emotional distress claim, Plaintiff must have brought such claim within a year, or by the year 2012. Plaintiff, however, did not file her complaint until February 14, 2014. Plaintiff's claim for intentional infliction of emotional distress is, therefore, time-barred.

## CONCLUSION

For the foregoing reasons, the court finds that Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This, the 18th day of March, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**